MCGREGOR W. SCOTT
United States Attorney
DENNIS LEWIS
Special Assistant U.S. Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES JOHNSON,<br><br>Defendant. | CASE NO. 1:19-CR-231-NONE-SKO<br>1:15-CR-96-NONE-SKO<br><br>STIPULATION TO CONTINUE |

This case is set for status conference on March 30, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION RE SENTENCING

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time"

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, JAMES JOHNSON, by and through his counsel, hereby agree and stipulate to continue the sentencing hearing in this matter, which is currently set for March 30, 2020, until May 18, 2020. In support thereof, the parties stipulate that:

1. The Defendant, JAMES JOHNSON, is detained at the Fresno County jail. The government

has provided additional discovery and discussed a possible plea agreement with the defendant. Defense counsel has also made an additional discovery request and the parties are engaged in discussions as to how that may be fulfilled. That request also requires additional investigation/review to accomplish.

2. As a consequence, the parties agree that agree that a continuance until May 18, 2020, at 1:00pm is warranted. The parties expect that during that period the defense will have the opportunity to finalize discussions with the government concerning discovery and the plea agreement, and then discuss the same with the defendant. If the case is resolved in the intervening period, the parties will file a stipulation to vacate the status hearing and set a change of plea hearing.

3. The parties stipulate that the period of time from March 30, 2020, through May 18, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: March 27, 2020                         MCGREGOR W. SCOTT
                                              United States Attorney

                                         By:  /s/ KIMBERLY A. SANCHEZ
                                              KIMBERLY A. SANCHEZ
                                              Assistant United States Attorney


Dated: March 27, 2020                         /s/ Jon Meyer
                                              JON MEYER
                                              Attorney for Defendant
                                              JAMES JOHNSON

**O R D E R**

IT IS ORDERED that the status hearing set for March 30, 2020, at 1 pm is continued until May 18, 2020, at 1pm.

IT IS FURTHER ORDERED THAT the period of time from March 30, 2020, through May 18, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: __**March 27, 2020**__         /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE