1  PHILLIP A. TALBERT
   Acting United States Attorney
2  DENNIS LEWIS
   Special Assistant U.S. Attorney
3  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
4  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
5  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
6

7  Attorneys for Plaintiff
   United States of America
8

9                    IN THE UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00231-NONE-SKO
                                                     1:15-CR-00096
13                        Plaintiff,
                                          STIPULATION REGARDING EXCLUDABLE
14       v.                               TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                          FINDINGS AND ORDER
15  JAMES JOHNSON,
                                          DATE: October 29, 2021
16                       Defendants.      TIME: 9:00 a.m.
                                          COURT: Hon. Dale A. Drozd
17

18       This case is set for a change of plea on October 29, 2021.  On May 13, 2020, this Court issued

19  General Order 618, which suspends all jury trials in the Eastern District of California "until further

20  notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

21  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

22  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

23  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

24  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

25  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

26  impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

27  General Orders were entered to address public health concerns related to COVID-19.

28       Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
7  or in writing").

8       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
9  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice
10  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
11  the ends of justice served by taking such action outweigh the best interest of the public and the
12  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless
13  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
14  ends of justice served by the granting of such continuance outweigh the best interests of the public and
15  the defendant in a speedy trial."  *Id.*

16       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
21  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
22  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
23  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
24  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

25       In light of the societal context created by the foregoing, this Court should consider the following
26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
27  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

28

_____

[1] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

2

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for a change of plea proceeding on October 29,

2021.

2.      By this stipulation, defendant now moves to continue the status conference until

November 12, 2021, and to exclude time between October 29, 2021, and November 12, 2021, under

Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case

includes investigative reports and photographs.  All of this discovery has been either produced

directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant anticipated being prepared to proceed to a change of plea

on October 29, 2021.  However, due to a family medical event, counsel for defendant requires

additional time to be prepared for his client to enter a change of plea.

c)      Counsel for defendant believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of October 29, 2021 to November 12,

2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

Cal. March 18, 2020).

T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  October 27, 2021                    PHILLIP A. TALBERT
                                            Acting United States Attorney


                                            /s/ KIMBERLY A. SANCHEZ
                                            KIMBERLY A. SANCHEZ
                                            Assistant United States Attorney


Dated:  October 27, 2021                    /s/ JOHN MEYER
                                            JOHN MEYER
                                            Counsel for Defendant
                                            JAMES JOHNSON




**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **October 27, 2021**        _____
                                            UNITED STATES DISTRICT JUDGE